UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JARVIS LEE DANDRIDGE | CIVIL ACTION |
| VERSUS | NO. 21-732 |
| COMMISSIONER OF SOCIAL SECURITY | SECTION "R" (4) |

### ORDER AND REASONS

Before the Court is Magistrate Judge Roby's Report & Recommendation ("R&R")[1] denying plaintiff's motion for summary judgment[2] and recommending this Court affirm the Administrative Law Judge's ("ALJ") decision denying plaintiff's claim for disability insurance benefits and supplemental social security income.[3]  Plaintiff filed an objection on June 27, 2022.[4]  The Court has reviewed *de novo* plaintiff's complaint,[5] the record, the applicable law, the R&R, and plaintiff's objection. The Court hereby approves the R&R as modified herein and affirms the ALJ's determination denying plaintiff's claim for disability insurance benefits and supplemental social security income.

---

[1]   R. Doc. 30.
[2]   R. Doc. 23.
[3]   R. Doc. 17.
[4]   R. Doc. 31.
[5]   R. Doc. 1.

I.   **BACKGROUND**

Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income in which he alleged disability beginning on April 1, 2018, based on his history of heart attacks, back problems, and joint pain.[6] His applications were denied at the initial and reconsideration stages.[7]

Plaintiff appeared for a telephonic hearing on May 13, 2020 before an ALJ who determined, based on plaintiff's medical records from the past several years, that plaintiff is capable of performing light work with several limitations.[8] In particular, the ALJ determined that plaintiff could lift or carry 20 pounds occasionally and 10 pounds frequently.[9] The ALJ concluded that plaintiff could walk or stand for six hours per day in an eight-hour day and that he could sit for six hours a day in an eight-hour day, for two hours at a time.[10] The ALJ further determined that plaintiff could occasionally stoop and climb, but that he could not crouch, kneel, or crawl, and that his

---

[6]   R. Doc. 17 at 10.
[7]   *Id.*
[8]   *Id.* at 14-15.
[9]   *Id.*
[10]  *Id.*

work could not involve ladders or heights.[11]  Finally, the ALJ found that plaintiff could push and pull less than 10 pounds with his lower extremities.[12]

The ALJ concluded that due to plaintiff's physical limitations, he was not capable of performing past relevant work, which included working as a dishwasher and janitor.[13]  However, the ALJ determined that plaintiff could perform other jobs in the national economy, including cashier, information clerk, and courier.[14]

Plaintiff sought review of the ALJ's determination in the Western District of Louisiana, and his case was subsequently transferred to the Eastern District of Louisiana and assigned to this section.[15]  Plaintiff then moved for summary judgment on the grounds that the ALJ failed to develop the record as to plaintiff's physical and mental limitations in contravention of his duty to "develop [his] complete medical history for at least the past 12 months . . . unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 404.1512(b).  In particular, plaintiff argued the ALJ erred by failing to either (1) obtain a treating medical source statement from his nurse practitioner at Community Health Association of

---

[11]  *Id.*
[12]  *Id.*
[13]  *Id.* at 21.
[14]  *Id.* at 22.
[15]  R. Docs. 1 (Complaint) & 6 (Transfer Order).

3

Spokane or (2) order a consultative examination for an opinion on plaintiff's physical limitations.[16] He contended that because the ALJ considered neither, the ALJ based his decision on a record that contained no information about the physical limitations that resulted from plaintiff's impairments.[17]

Plaintiff further argued the ALJ failed to develop the record as to plaintiff's mental health by failing to order a consultative examination regarding plaintiff's mental limitations, despite plaintiff's counsel's request that he receive one.[18] Plaintiff also faulted the ALJ for relying on jobs plaintiff could perform without properly considering plaintiff's intellectual impairments.[19] In particular, plaintiff pointed out that none of his former jobs required a reasoning level higher than 2, whereas the cashier and information clerk jobs the ALJ relied on require a reasoning level of 3 and higher.[20]

In response, defendant argued that the ALJ's decisions were based on substantial evidence. In particular, defendant pointed out that the ALJ's determination as to plaintiff's physical limitations took into consideration

---

16   R. Doc. 23 at 7.
17   *Id.* at 9.
18   *Id.* at 10.
19   *Id.* at 11.
20   *Id.*

numerous reports from healthcare professionals, so the record on which the ALJ based his decision was sufficiently developed even absent a consultative examination or testimony from plaintiff's treating physician.[21] With respect to plaintiff's mental limitations, defendant contended that the ALJ did not err by declining to order a consultative examination, as plaintiff did not allege that he had a mental impairment in connection with his benefits applications.[22] Defendant further argued that there was no evidence before the ALJ that "raise[d] a suspicion of non-exertional impairment sufficient to require a consultative examination."[23]

In her R&R, Magistrate Judge Roby considered the parties' arguments and determined that the ALJ's decision is supported by substantial evidence. She found that the ALJ took plaintiff's medical records into consideration to determine plaintiff's physical limitations and selected jobs tailored to those limitations.[24] She therefore concluded that "no consultative or treating source opinion was required."[25] She found that no consultative examination was required to evaluate plaintiff's mental impairments, either.[26] In support

---

[21]  R. Doc. 27 at 3-8.
[22]  *Id.* at 10.
[23]  *Id.*
[24]  R. Doc. 30 at 5-7.
[25]  *Id.* at 7.
[26]  *Id.* at 9.

of that conclusion, Magistrate Judge Roby noted that there "is no evidence in the record pertaining to a mental impairment," and that plaintiff "has not asserted a disability claim based on a mental disorder."[27]

In his objection to the R&R, plaintiff reiterates his argument that although the ALJ had evidence of plaintiff's physical impairments, the record lacked evidence related to the physical limitations that result from those impairments.[28] Regarding his mental health, plaintiff argues that the R&R fails to account for the record evidence of plaintiff's mental health issues, including his hallucinations, as well as his history of working only unskilled positions with reasoning levels lower than the jobs the ALJ identified.[29]

## II.  LEGAL STANDARD

"Our review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Greenspan v. Shalala*, 38

---

[27]    *Id.* at 9.
[28]    R. Doc. 31 at 3.
[29]    R. Doc. 31 at 2.

F.3d 232, 236 (5th Cir. 1994)) (quotation marks omitted). "The evidence must be more than a scintilla, but it need not be a preponderance." *Avery v. Colvin*, 605 F. App'x 278, 283 (5th Cir. 2015) (quotation marks omitted). The Court accepts an ALJ's findings if they are supported by substantial evidence, regardless of whether other findings would also be permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992).

A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Conflicts in evidence are for the Commissioner to resolve, not the courts. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

### III. DISCUSSION

#### A. Plaintiff's Physical Limitations

Plaintiff contends that because the ALJ did not supplement the record with a treating source opinion or a consultative examination, "the extent of physical restriction" resulting from plaintiff's health conditions "was not

quantified by any medical source."[30] The Court finds that the R&R adequately addresses this objection. Although "[u]sually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing," "[t]he absence of such a statement . . . does not, in itself, make the record incomplete." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In that case, "our inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in reviewing the record." *Id.*

Here, the ALJ undertook an exhaustive review of plaintiff's medical records, describing the treatment notes of healthcare professionals from dozens of plaintiff's medical visits over the preceding three years, and incorporated those notes into his determination.[31] These records include notes related to each of the health conditions plaintiff allegedly experiences and, in many cases, describe the impact of those conditions on plaintiff's mobility.[32] The ALJ "properly interpret[ed] th[is] medical evidence to determine [plaintiff's] capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). For example, as the Magistrate Judge noted, the ALJ's determination that plaintiff was restricted to "an occasional stoop and climb

---

[30] *Id.*
[31] R. Doc. 17 at 15-20.
[32] *See id.* at 16.

8

but no crouching, kneeling, or crawling," "clearly incorporates the consideration that [plaintiff] experienced a tightness in his back upon bending 45 degrees."[33] The ALJ's determination about plaintiff's physical limitations was also informed by plaintiff's own testimony about his physical ability.[34]

Although a treating source opinion or a consultative exam could have resulted in more information regarding plaintiff's physical limitations, a finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Johnson*, 864 F.2d at 343-44.  Here, there can be little doubt the ALJ's decision was supported by "more than a scintilla" of evidence." *Avery*, 605 F. App'x 282.

Further, plaintiff has not demonstrated any prejudice resulting from the ALJ's decision not to supplement the record.  "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22.  In other words, he must show that "had the ALJ done his duty, [he] could and would

---

33   R. Doc. 30 at 7.
34   *Id.*

9

have adduced evidence that might have altered the result." *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). "A mere allegation that evidence might have been gathered had the error not occurred in insufficient to meet this burden." *Jones v. Astrue*, 691 F.3d 730, 735 (5th Cir. 2012). In his objection, plaintiff points to no specific evidence that would have changed the ALJ's determination, nor does he even contend he is physically unable to perform the jobs the ALJ relied on. Accordingly, the Court determines that the ALJ properly developed the record regarding plaintiff's physical limitations. No consultative or treating source opinion was required.

## B. Plaintiff's Mental and Intellectual Limitations

Plaintiff also objects to the Magistrate Judge's conclusions in the R&R about whether the ALJ properly developed the record on plaintiff's mental impairments.[35] In particular, he contends that the ALJ should have granted counsel's request that a consultative examination to determine plaintiff's mental and intellectual impairments be performed.[36]

In the R&R, the Magistrate Judge determined that no such examination was required because plaintiff "has not asserted a disability

---

35   R. Doc. 31 at 1.
36   *Id.*

claim based on a mental disorder," and because "there is no evidence in the record pertaining to mental impairment."[37] She further noted that "statements about Dandridge having low intelligence" are "insufficient to raise suspicion that claimant had an intellectual disability."[38]

In his objection, plaintiff highlights evidence that he experienced hallucinations to support his argument that the Magistrate Judge erred when she determined that there was "no evidence in the record pertaining to mental impairment." To the extent the Magistrate Judge meant that the record contains no evidence indicating any symptoms of mental illness, this is wrong—the record includes notes from a hospital visit in which plaintiff purportedly experienced hallucinations and heard voices.[39] But plaintiff did not raise this evidence in his motion for summary judgment. Rather, the arguments in his summary judgment brief about the need for an examination of his "mental limitations" focused exclusively on his intellectual limitations, including his lack of education.[40] He did not raise this evidence of psychological issues until his reply brief. R. Doc. 29 at 4. Arguments raised

---

[37]    R. Doc. 30 at 9.
[38]    *Id.*
[39]    R. Doc. 17 at 18.
[40]    R. Doc. 23 at 11-12.

for the first time in a reply brief are generally waived. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).

In any event, the ALJ expressly acknowledged the evidence that plaintiff focuses on in his objection and nevertheless determined that plaintiff's "mental impairments cause no more than 'mild' limitation in any of the function areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities."[41] The ALJ also noted evidence that after the hospital visit in which plaintiff reportedly experienced hallucinations, he subsequently denied having hallucinations on multiple occasions.[42] The ALJ further observed that plaintiff generally presented with calm demeanor and appeared "alert and oriented in all spheres" following the alleged hallucinations.[43] Further, plaintiff does not argue that the fact that he may have experienced hallucinations in the past forecloses him from performing any of the jobs on which the ALJ relied.

Plaintiff's objection also reiterates his argument from summary judgment about the reasoning level of the jobs on which the ALJ relied. He contends that two of the three jobs—cashier and information clerk—have a

---

[41]   *Id.* at 13.
[42]   *Id.* at 18-19.
[43]   *Id.* at 19.

reasoning level greater than the reasoning level of plaintiff's past work. "The Commissioner's burden . . . is satisfied by showing the existence of only *one* job with a significant number of available positions that the claimant can perform." *Gaspard v. Social Security Admin. Com'r*, 609 F. Supp. 2d 607, 617 (E.D. Tex. 2009) (emphasis in original). Plaintiff does not argue that he lacks the reasoning level necessary to be a courier, the third job on which the ALJ relied.

Moreover, although plaintiff's past jobs only required a reasoning level of two, he does not argue he is incapable of performing jobs with a reasoning level of three, much less point to any evidence indicating the same. He points out that he has an eighth-grade level of education, but does not contend that any further education is required to be a courier, a cashier, or an information clerk. He thus fails to demonstrate that that "additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Accordingly, the Court determines that the ALJ was not required to order a consultative examination to assess plaintiff's mental limitations.

## IV. CONCLUSION

The Court hereby APPROVES the R&R as modified herein and AFFIRMS the decision of the ALJ.

New Orleans, Louisiana, this __22nd__ day of September, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE